**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRION PROPERTIES, INC., and ANTHONY MERWEATHER,<br><br>Defendants. | Case No.: ________________ |

**COMPLAINT**

COMES NOW, the Plaintiff, JAMES RIVER INSURANCE COMPANY ("James River"), by and through undersigned counsel, and hereby sues the Defendants TRION PROPERTIES, INC. ("Trion") and ANTHONY MERWEATHER ("Merweather"), and in support thereof, upon information and belief, alleges as follows:

**NATURE OF THE ACTION**

1. This is an insurance coverage dispute, in which James River seeks a declaration that no coverage is available under Commercial Excess Liability Policy No. 00135398-0 (the "Excess Policy") for the claim asserted against Trion by Merweather (the "Merweather Claim"), arising out of his stabbing on July 13, 2023 at the property known as the "Azure at Riverside Apartments," located at 648

Whisper Trail in Austell, Georgia (the “Property”).

2. Timely notice to James River is a condition precedent to coverage under the Excess Policy. Specifically, the Policy requires that an insured provide notice to James River as soon as practicable of an occurrence that may result in a claim or suit and that the insured immediately send to James River copies of any demands, summonses or legal papers received in connection with such claim or suit.

3. Here, Trion failed to provide timely notice as required by the Policy, as Trion only notified James River of the matter on March 5, 2026 – that is, more than two and half years after the stabbing and nearly two years after Merweather filed suit and served Trion.

4. Because Trion did not provide notice to James River of the occurrence at issue as soon as practicable and did not immediately send to James River copies of the legal papers received in connection with the suit, Trion has not and cannot satisfy the stated condition precedent to coverage.

5. This being the case, James River has no defense or indemnity obligations under the Excess Policy in connection with the Merweather Claim.

## PARTIES

6. James River is an excess and surplus lines insurer incorporated in Ohio with a principal office located in Richmond, Virginia.

7. Trion is the management company that contracted with 648 Whisper

LN Property LLC ("648 Whisper"), the property owner, to manage the Property at all times relevant to this action.

8. Merweather has filed suit against Trion arising out of his stabbing – that is, the Merweather Claim.

9. Merweather further filed suit against 648 Whisper arising out of the Merweather Claim but subsequently dismissed such suit without prejudice.

## JURISDICTION & VENUE

10. Subject matter jurisdiction is based upon 28 U.S.C. § 1332 and 28 U.S.C. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. James River is organized under the laws of Ohio with its principal place of business in Virginia. It is therefore a citizen of Ohio and Virginia for purposes of diversity jurisdiction.

12. Trion is a corporation organized under the laws of California with its principal place of business in Florida. It is therefore a citizen of California or Florida for purposes of diversity jurisdiction. Personal jurisdiction is proper as to Trion, as it conducts business in Georgia.

13. Upon information and belief, Merweather is domiciled in Georgia and is therefore a citizen of Georgia for purposes of diversity and subject to personal jurisdiction in Georgia.

14. The Excess Policy provides a $5,000,000 per occurrence limit of liability, which sits above a $1,000,000 primary limit of liability. Merweather has demanded $2,500,000 in damages.

15. An actual controversy exists between the parties regarding coverage for the Merweather Claim under the Excess Policy.

16. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## THE POLICY

17. James River issued the Excess Policy to named insured 648 Whisper for the policy period of September 21, 2022 to September 21, 2023. A true and correct copy of the Excess Policy is attached as **Exhibit 1**.

18. The Property is, or was at all relevant times, owned by 648 Whisper and managed by Trion.

19. The Excess Policy provides coverage in excess of scheduled underlying insurance. Ex. 1, at 1 of 5, Section I – Excess Liability Insurance Insuring Agreement.

20. The Excess Policy follows the terms, definitions, conditions and exclusions of the scheduled underlying insurance, subject to the policy period, policy limits, premiums and all other terms, conditions, and exclusions of the Excess Policy. Ex. 1, at 1 of 5, Section I – Excess Liability Insurance Insuring Agreement.

21. The Excess Policy provides that if any provisions of the scheduled "underlying insurance(s)" conflict with any provisions of the Excess Policy, the provisions of the Excess Policy will apply. Ex. 1, at 1 of 5, Section I – Excess Liability Insurance Insuring Agreement.

22. The schedule of underlying insurance provides that 648 Whisper has underlying Commercial General Liability coverage with a $1 million each Occurrence limit and a $2 million general aggregate limit, pursuant to Ohio Security Insurance Company ("OSIC") Policy No. BLS64999776 (the "Primary Policy"). Ex. 2, at 2. A true and correct copy of the Primary Policy as attached as **Exhibit 2**.

23. Under the Excess Policy, any person or organization qualifying as an Insured under the "underlying insurance" is an Insured. Ex. 1, p. 1 of 5 ("Provisions" & Section I).

24. The Excess Policy provides that the terms "you" and "your" refer to the Named Insured shown in the Declarations and any other person or organization qualifying as an Insured under the "underlying insurance." Ex. 1, p. 1 of 5 ("Provisions").

25. 648 Whisper is the Named Insured as shown in the Declarations of the Excess Policy. Ex. 1, p. 1 of 1 ("Declarations").

26. The Primary Policy further defines Insured to include any person or organization while acting as your real estate manager. Ex. 2, p. 11 of 17.

27. Trion is (or was at the relevant times) the real estate manager for the Property.

28. In Section VI, Conditions, the Excess Policy provides:

> 3) **Duties in the Event of an Occurrence, Claim, or Suit**:
>
> You must see to it that we are notified as soon as practicable of an occurrence that may result in a claim for damages or suit under this policy. To the extent possible, notice should include:
>
> a) How, when and where the occurrence took place;
> b) The names, addresses of any injured persons and any witnesses; and
> c) The nature and location of any injury or damage arising out of the occurrence.
>
> If a claim is made, or suit is brought against you, which is reasonably likely to involve this policy, you must notify us in writing. Written notice should be mailed to the Company at the address shown on the Declarations page of this policy.
>
> You and any other 'insured' must immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the claim or suit. In addition, you must authorize us to obtain records and other information, cooperate with us in the investigation, settlement and defense of the claim or suit and assist us upon our request, in the enforcement of any right against any person or organization that may be liable to you because of injury or damage to which this policy may apply.
>
> You, except at your own cost, will not voluntarily make payment, assume any obligation or incur any expense without our consent.

Ex. 1, Section VI.3, p. 4 of 5 (emphasis in original).

## THE MERWEATHER CLAIM & THE COVERAGE DISPUTE

29. This matter arises out of the July 13, 2023 stabbing of Merweather at

the Property, which is owned by 648 Whisper and managed by Trion.

30. Following the stabbing on July 13, 2023, no insured provided notice of the occurrence to James River until March 5, 2026.

31. On or about January 17, 2024, counsel for Merweather sent a letter of representation to Trion through Trion's registered agent, Cogency Global, Inc., which Trion forwarded to OSIC.

32. On or about February 1, 2024, OSIC responded to Merweather's counsel and requested additional information to evaluate the Merweather Claim.

33. Following receipt of the January 17, 2024 letter of representation, neither Trion nor OSIC provided notice of the January 17, 2024 letter or the Merweather Claim to James River.

34. On or about April 18, 2024, counsel for Merweather sent a letter to 648 Whisper regarding the July 13, 2023 stabbing incident and injuries to Merweather. A true and correct copy of the April 18, 2024 letter is attached as **Exhibit 3**.

35. The April 18, 2024 letter demanded OSIC tender the Primary Policy's limits of $1,000,000 in exchange for a limited liability release.

36. The demand in the April 18, 2024 letter was conditioned upon OSIC providing a limited liability release that would allow Merweather to pursue recovery under any other liability policy, specifically the Excess Policy.

37. The demand in the April 18, 2024 letter remained open for thirty (30)

days from the date of receipt by 648 Whisper.

38. Following receipt of this time-limited demand in April, 2024, neither 648 Whisper nor Trion provided notice of the April 18, 2024 letter or the Merweather Claim to James River.

39. On June 7, 2024, Merweather filed a complaint regarding the Merweather Claim in the State Court of Fulton County, Georgia naming 648 Whisper as defendant (the "648 Whisper Action"). A true and correct copy of the complaint is attached as **Exhibit 4**.

40. Contemporaneously with the 648 Whisper Action, on June 7, 2024, Merweather filed a second complaint regarding the Merweather claim in the State Court of Fulton County, Georgia naming Trion as defendant (the "Trion Action"). A true and correct copy of the complaint is attached as **Exhibit 5**.

41. The complaints in the 648 Whisper Action and Trion Action were served on 648 Whisper and Trion, respectively, through their registered agent, Cogency Global, Inc., on or about June 11, 2024.

42. Following service of the complaint in the 648 Whisper Action, 648 Whisper provided notice of and filed a claim with OSIC under the Primary Policy.

43. In response, by letter dated June 25, 2024, OSIC acknowledged receipt of the complaint in the 648 Whisper Action, confirmed coverage under the Primary Policy, and appointed the law firm, McAngus Goudelock & Courie, as defense

counsel for 648 Whisper. A true and correct copy of the June 25, 2024 letter is attached as **Exhibit 6**.

44. Following service of the complaint in the Trion Action, Trion did not provide notice of that complaint to OSIC.

45. On January 15, 2025, Merweather moved for entry of default judgment in the Trion Action in the amount of $750,000, approximately twice the amount of his medical bills, plus attorney's fees and requested a bench trial. A true and correct copy of the January 15, 2025 Motion for Entry of Default is attached as **Exhibit 7**.

46. Following 648 Whisper's defense counsel's discovery of Merweather's Motion for Entry of Default in the Trion Action, Trion provided notice of and filed a claim with OSIC, who appointed the law firm, McAngus Goudelock & Courie, as defense counsel for Trion.

47. On February 12, 2025, Trion filed a Notice of Intent to File a Motion to Open Default and response to Merweather's Motion for Entry of Default Judgment. A true and correct copy of Trion's Notice of Intent to File a Motion to Open Default is attached as **Exhibit 8**.

48. On or about February 13, 2025, Trion requested a one-week extension of time until February 21, 2025 to respond to Merweather's Motion for Default Judgment and file its Motion to Open Default. A true and correct copy of Trion's February 13, 2025 request is attached as **Exhibit 9**.

49. After Trion failed to file a Motion to Open Default by its self-imposed deadline of February 21, 2026, Merweather filed a Renewed Motion for Entry of Default Judgment on February 26, 2025 seeking the same relief. A true and correct copy of Merweather's Renewed Motion for Entry of Default Judgment is attached as **Exhibit 10**.

50. On March 11, 2025, Trion filed its Response to Merweather's Renewed Motion for Default Judgment and Motion to Open Default together with its Answer and Affirmative Defenses. A true and correct copy of Trion's Response to Merweather's Renewed Motion for Default Judgment and Motion to Open Default is attached as **Exhibit 11** and a true and correct copy of Trion's Answer and Affirmative Defenses is attached as **Exhibit 12**.

51. On March 19, 2025, Merweather filed his Response to Trion's Motion to Open Default and Reply Brief in Support of his Motion for Default Judgment. A true and correct copy of Merweather's Response and Reply Brief is attached as **Exhibit 13**.

52. On April 10, 2025, Trion filed a Supplemental Response to Plaintiff's Renewed Motion for Default Judgment and Motion to Open Default on April 10, 2025. A true and correct copy of the Trion's Supplemental Response is attached as **Exhibit 14**.

53. On April 11, 2025, Merweather filed his Reply to Trion's Supplemental

Response to Merweather's Renewed Motion for Default Judgment. A true and correct copy of Merweather's Reply to Trion's Supplemental Response is attached as **Exhibit 15**.

54. On December 30, 2025, the court in the Trion Action entered an Order denying Trion's Motion to Open Default in full and scheduled a hearing on damages for April 2, 2026. A true and correct copy of the December 30, 2025 Order is attached as **Exhibit 16**.

55. Following entry of the December 30, 2025 Order in the Trion Action, Merweather dismissed the 648 Whisper Action without prejudice on January 5, 2026. A true and correct copy of the January 5, 2026 Dismissal is attached as **Exhibit 17**.

56. On March 5, 2026, Trion, through its insurance broker, first provided notice of the Merweather Claim to James River indicating that the Trion Action had been filed, a damages hearing was set for April 2, 2026, and a $2,500,000 settlement demand had been made by Merweather but that OSIC "believes the matter might be resolved within the [Primary Policy] limit, given some unfavorable claimant circumstances." A true and correct copy of the March 5, 2026 Notice of Occurrence/Claim is attached as **Exhibit 18**.

57. In providing this first notice, Trion's insurance broker also forwarded a copy of Merweather's February 5, 2026 letter in which Merweather demanded

$2,500,000 as compensation for his damages claims in exchange for a full release of Trion, OSIC, James River, and Burlington Insurance Company. A true and correct copy of the February 5, 2026 demand letter is attached as **Exhibit 19**.

58. Merweather's settlement offer in his February 5, 2026 letter remained open for a period of 30 days from the date of Trion's receipt of the letter.

59. Following receipt of the March 5, 2026 Notice of Occurrence/Claim, James River investigated coverage for the Merweather Claim and the Trion Action.

60. Upon information and belief, either prior to or shortly after James River's receipt of the March 5, 2026 Notice of Occurrence/Claim and Merweather's February 5, 2026 letter, OSIC declined Merweather's settlement offer and/or it expired by its own terms on or about March 11, 2026.

61. Upon information and belief, a hearing on damages is scheduled for August 20, 2026 in the Trion Action.

62. On June 1, 2026, James River advised Trion and 648 Whisper that no coverage was available for the Merweather Claim or the Trion Action due to the breach of the Excess Policy's notice requirements. A true and correct copy of the June 1, 2026 letter is attached hereto as **Exhibit 20**.

63. Specifically, James River advised that notice was not provided to James River as soon as practicable of the occurrence – that is, the July 13, 2023 stabbing; notice was not provided to James River in writing or otherwise once suit was filed

in the 648 Whisper Action and a claim was made to OSIC in June 2024; notice was not provided to James River in writing or otherwise once suit was filed in the Trion Action in June 2024, and copies of any summonses and legal papers received in connection with the Merweather Claim, 648 Whisper Action, or Trion Action, including entry of default in the Trion Action, were not immediately sent to James River.

64. James River advised that, as a result of these breaches of the notice provisions of the Excess Policy, the Excess Policy does not afford coverage for the Trion Action.

## COUNT I

## Declaratory Judgment That Coverage Is Barred Due to the Failure to Provide Timely Notice

65. James River incorporates and realleges the allegations set forth in paragraphs 1 through 64 of its Complaint.

66. The Excess Policy provides in a section titled "Duties in the Event of an Occurrence, Claim, or Suit" that: (i) the insureds must see to it that James River is notified as soon as practicable of an occurrence that may result in a claim for damages or suit under the Excess Policy; (ii) if a claim is made or suit is brought against the insureds which is reasonably likely to involve the Excess Policy, the insureds must notify James River in writing; and (iii) the insureds must immediately send James River copies of any demands, notices, summonses, or legal papers

received in connection with the claim or suit. *See* Ex. 1, Section VI.3, p. 4 of 5.

67. Each of these requirements set forth in the preceding paragraph is a condition precedent to coverage under the Excess Policy.

68. The stabbing of Merweather on July 13, 2023 was an occurrence that may result in a claim for damages or suit under the Excess Policy.

69. Notice was not provided to James River of that occurrence as soon as practicable.

70. As such, Trion breached the requirement of timely notice, which constitutes a failure of a condition precedent to coverage under the Excess Policy.

71. The 648 Whisper Action was a claim and suit against 648 Whisper which was reasonably likely to involve the Excess Policy.

72. Notice was not provided to James River in writing until no earlier than 966 days after the 648 Whisper Action was filed.

73. As such, Trion breached the requirement of timely notice, which constitutes a failure of a condition precedent to coverage under the Excess Policy.

74. Copies of any demands, notices, summonses or legal papers received in connection with the 648 Whisper Action were not immediately sent to James River.

75. As such, Trion breached the requirement to provide timely notice, which constitutes a failure of a condition precedent to coverage under the Excess

Policy.

76. The Trion Action was a claim and suit against Trion which was reasonably likely to involve the Excess Policy.

77. Notice was not provided to James River in writing until no earlier than 966 days after the Trion Action was filed.

78. As such, Trion breached the requirement to provide timely notice, which constitutes a failure of a condition precedent to coverage under the Excess Policy .

79. Copies of any demands, notices, summonses, or legal papers received in connection with the Trion Action were not immediately sent to James River.

80. As such, Trion breached the requirement to provide timely notice, which constitutes a failure of a condition precedent to coverage under the Excess Policy.

81. No justification has been provided for Trion's failure to provide timely notice as required under the Excess Policy.

82. There is no justification for Trion's failure to provide timely notice as required under the Excess Policy.

83. Because Trion has not and cannot satisfy the condition precedent of timely notice, James River has no duty to defend or indemnify any insured or other party under the Excess Policy under Georgia law.

84. James River is therefore entitled to a declaration that it does not owe any coverage to any party in connection with the Merweather Claim.

## PRAYER FOR RELIEF

WHEREFORE, James River respectfully requests that the Court enter judgment as follows:

A. Declare that no coverage is available under the James River Excess Policy due to late notice of the Merweather Claim;

B. Declare that James River has no duty to defend or indemnify any party in connection with the Merweather Claim; and

C. Award James River any other relief to which it may be entitled.

Respectfully submitted, this 2nd day of June, 2026.

*/s/ Parker J. Lavin*
Parker J. Lavin (Georgia Bar No. 834623)
Daniel J. Strowe (Georgia Bar No. 557180)
LAVIN RINDNER DUFFIELD LLC
3811 Frederica Road, Ste. 201
St. Simons Island, GA 31522
plavin@lrd.law
dstrowe@lrd.law
(912) 266-8301

*Counsel for James River Insurance Company*